IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE ALAN NAULT,<br><br>Defendant. | CR-19-51-BMM<br><br>ORDER |

# ORDER

Plaintiff Shane Alan Nault ("Nault") filed a motion to traverse the warrant executed to search the car that Nault was driving at the time of his arrest. (Doc. 48.) This motion comes on the heels of this Court denying a motion to suppress related to the same stop that Nault now attempts to challenge. (Doc. 27.) The Court ultimately denied the motion to suppress, in part, because law enforcement found the methamphetamine in reliance on a search warrant. (Transcript, Doc. 43 at 102:5-8.)

The United States Supreme Court has established that courts cannot suppress evidence "obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984). Defendants may attack the warrant itself, however, under *Franks v. Delaware*, 438

U.S. 154 (1978). To succeed on a *Franks* claim, a defendant must show (1) that a law enforcement official deliberately or recklessly included a false statement or omitted a true statement from the warrant affidavit, and (2) establish the warrant affidavit would not establish probable cause if the false or omitted information was omitted from the analysis. *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017). A defendant may receive a *Franks* hearing, however, only if they make "a substantial preliminary showing" on both prongs of the *Franks* analysis. The party must then satisfy both prongs by a preponderance of evidence at the *Franks* hearing. *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002).

    Nault alleges that the search warrant contained at least four material omissions: the search warrant lacked sufficient information about the narcotics detector dog and his reliability and experience; the dog sniff did not occur as reported in the affidavit; that the stop was purely pretextual; that the officer who conducted the field sobriety tests was not trained as a Drug Recognition Expert. (Doc 49.)

    Nault has failed to make a substantial preliminary showing on at least two fronts. First, nothing in his motion or affidavits speaks to whether the alleged omissions were deliberate or reckless. Nault cannot receive a *Franks* hearing simply alleging factual inaccuracies or omissions. *See United States v. Rettig*, 589

F.2d 418, 422 (9th Cir. 1978); *accord United States v. Norris*, 942 F.3d 902, 909-10 (9th Cir. 2019).

Nault's motion also fails because he has not made a significant preliminary showing that the drug dog sniff was material to the probable cause determination. "Probable cause to search a location exists if, based on the totality of the circumstances," a "fair probability" exists that the police will find evidence of a crime. *Perkins*, 850 F.3d at 1119 (citation omitted). The key inquiry in resolving a *Franks* motion is whether probable cause remains once any misrepresentations are corrected and any omissions are supplemented. *See id.* If probable cause remains, the defendant has failed to establish a material omission. *See id.*

The warrant application provides ample evidence to support probable cause even without the alleged omissions. Principally, at least 14 people implicated Nault in methamphetamine trafficking in the Havre area. (Doc. 25-1 at 1222-1226.) Two of those people also conducted a controlled buy from Nault on behalf of the Tri-Agency Task Force just one month before Nault was arrested. (*Id.* at 1222.) On top of that, Nault used the same vehicle to sell the drugs in the controlled buy that he was using at the time of his arrest. (*Id.*) Further, the officers stated in the application that based on their experience "drug traffickers sometimes store their drugs and paraphernalia in several different locations." (*Id.* at 1220.) "[T]he . . . automobile . . . of those individuals who are trusted and intimate companions are

commonly used for this purpose." (*Id.*) This information proves more than enough to establish probable cause to support the warrant. *Perkins*, 850 F.3d at 1119

Accordingly, **IT IS ORDERED** that Nault's motion to traverse the warrant (Doc. 48) is **DENIED**. Further, the following ex parte motions for subpoenas are **DENIED**, as moot: Docs 53, 54, 55, 56, 57, 58, 59. Nault's Fourth Motion to Continue (Doc. 61) is **DENIED.**

Dated this 17th day of June, 2020.

_____
Brian Morris, Chief District Judge
United State District Court